# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>DALTON W. JOHNSON,<br><br>Appellant. | No. 50202-0-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, C.J. – Dalton Johnson appeals his conviction of second degree trafficking in stolen property. Johnson argues that the evidence was insufficient to convict him because the State failed to prove that he knew that the property he sold was stolen.

Under RCW 9A.82.055(1), a person commits second degree trafficking in stolen property if he or she "recklessly" traffics in stolen property. The State presented sufficient evidence that Johnson was reckless – that he knew of and disregarded a substantial risk of committing a wrongful act. To establish recklessness, the State did not need to prove that Johnson knew that the property was stolen. Accordingly, we affirm Johnson's conviction.

## FACTS

On November 22, 2016, Peter Aguilar discovered that a generator and other tools had been stolen from his garage. He located the generator at a pawn shop. The pawn broker was able to identify Johnson as the person who had pawned the generator and had video surveillance tapes showing Johnson bringing in the generator. Johnson told a pawn broker employee that the

generator was a gift from his grandfather. The State charged Johnson with first degree and second degree trafficking in stolen property.

At trial, the investigating officer testified that Johnson had told him that he pawned the generator for a friend named Sean Goodman. According to the officer, Johnson said that "he didn't really think it was legit" and that Goodman "had gone to prison for stealing stuff." Report of Proceedings at 192.

Johnson testified that he had been friends with Goodman for over 14 years, that Goodman told him that his parents gave him the generator, and that Goodman assured him that the generator was not stolen. Johnson denied telling the officer that he thought pawning the generator was not legitimate and he denied telling the officer that Goodman had gone to prison for stealing.

The jury found Johnson guilty of second degree trafficking in stolen property, but it acquitted him of first degree trafficking. Johnson appeals his conviction.

ANALYSIS

A.    STANDARD OF REVIEW

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106. Credibility determinations are made by the trier of fact and are not subject to review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Circumstantial and direct evidence are equally reliable. *Id.*

B.    KNOWLEDGE REQUIREMENT FOR RECKLESSNESS

RCW 9A.82.055(1) provides that "A person who recklessly traffics in stolen property is guilty of trafficking in stolen property in the second degree." "Traffic" is defined as "to sell, transfer, distribute, dispense, or otherwise dispose of stolen property to another person." RCW 9A.82.010(19). Trafficking includes pawning stolen property. *See State v. Hermann*, 138 Wn. App. 596, 604, 158 P.3d 96 (2007) (pawning stolen rings was sufficient to support a charge of trafficking in stolen property).

Under RCW 9A.08.010(1)(c), "A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act may occur and his or her disregard of such substantial risk is a gross deviation from conduct that a reasonable person would exercise in the same situation." The trial court instructed the jury regarding this definition.

Johnson argues that the State had to prove that he knew the generator was stolen and recklessly disregarded this knowledge. He claims that the evidence showed only criminal negligence, not recklessness. But RCW 9A.08.010(1)(c) clearly states that the only knowledge requirement is that the person know of a "substantial risk that a wrongful act may occur," not that the person know the property was stolen.

C.    SUFFICIENCY OF EVIDENCE

It was undisputed that Johnson pawned a stolen generator. The issue is whether Johnson acted recklessly – disregarded a substantial risk that he was trafficking a stolen generator.

The evidence and inferences from it, viewed in a light most favorable to the State, showed that Johnson acted recklessly. First, Johnson admitted falsely telling the pawnshop that he had received the generator from his grandparents, which indicates that he questioned

3

No. 50202-0-II

Goodman's claim that the generator belonged to Goodman's parents. Second, Johnson told the deputy that he did not think the deal was legitimate. And third, Johnson told the deputy that Goodman had a history of stealing goods. Johnson disputed the officer's testimony, but we must view the evidence in the light most favorable to the State. *Homan*, 181 Wn.2d at 105.

We hold that the State presented sufficient evidence that in pawning the stolen generator, Johnson showed a reckless disregard for the substantial likelihood that in fact the generator was stolen.

CONCLUSION

We affirm Johnson's conviction of second degree trafficking in stolen property.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

LEE, J.

MELNICK, J.

4